**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

FILED
JUN 15 2020
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

| | |
|---|---|
| JOHN PICKERING-GEORGE,   )<br>   )<br>   Plaintiff,   )<br>   )<br>v.   )<br>   )<br>U.S. DEPARTMENT OF JUSTICE *et al.*,   )<br>   )<br>   Defendants.   ) | Civil Action No.  20-502 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring the court to dismiss an action "at any time" it determines that subject matter jurisdiction is wanting).

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute," and it is "presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Under the doctrine of sovereign immunity, the United States and its agencies may be sued only upon consent, which must be clear and unequivocal. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (citation omitted). A waiver of sovereign immunity "must be unequivocally expressed in statutory text, and [it cannot] be implied." *Lane v. Pena*, 518 U.S. 187, 192 (1996) (citations omitted). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action.

Plaintiff, a resident of Bronx, New York, has sued the United States Department of Justice, its Antitrust Division, and the Executive Office for United States Attorneys under the Sherman Antitrust Act, 15 U.S.C. § 1, and the Clayton Act, 15 U.S.C. § 26.  *See generally* Compl. for Injunctive Relief Against Combination, in Violation of the Clayton Act and the Sherman Act, ECF No. 3.  "[T]he United States is not an antitrust 'person,' in particular not a person who can be an antitrust defendant" under the Sherman Act, *U.S. Postal Serv. v. Flamingo Indus. (USA) Ltd.*, 540 U.S. 736, 745 (2004) (examining *United States v. Cooper Corp.*, 312 U.S. 600, 614 (1941)), and "[t]he Clayton Act includes the Sherman Act as one of the antitrust laws, *Nat'l ATM Council, Inc. v. Visa Inc.*, 922 F. Supp. 2d 73, 80 n.8 (D.D.C. 2013) (citing 15 U.S.C. § 12(a) (internal quotation marks omitted))).  Therefore, this case will be dismissed.  A separate Order accompanies this Memorandum Opinion.

                                SIGNED:    EMMET G. SULLIVAN
                                UNITED STATES DISTRICT JUDGE

DATE:  June 15, 2020